# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Infomotion Sports Technologies, Inc.,<br>    Debtor | Case No.  16-10724-JNF<br><br>Chapter 11 |

## Application to Employ Fish and Richardson as Intellectual Property Counsel for the Debtor Pursuant to Fed. R. Bankr. P. 2014(a)

NOW COMES Infomotion Sports Technologies, Inc. ("Infomotion"), the debtor in this action, and pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a), and MLBR 2014-1 requests that the Court approve the employment of Fish and Richardson, P.C. ("Fish"), to act as Infomotion's intellectual property counsel. In support of this application, Infomotion states as follows:

1. On March 1, 2016 (the "Filing Date"), Infomotion filed its voluntary petition under Chapter 11 of the Bankruptcy Code.

2. Infomotion seeks to employ Fish to act as its Counsel in this case pursuant to 11 U.S.C. §§ 327 and 1107 and Fed. R. Bankr. P. 2014(a).

3. Infomotion seeks to employ counsel to render the following professional services, including without limitation:

   a. Advising Infomotion on issues regarding its intellectual property;

   b. Assisting Infomotion with patent and trademark prosecution; and

   c. Performing other similar legal services that may be required during the course of this Chapter 11 case.

4. Infomotion has an active portfolio of foreign and domestic patents, and its patents provide a substantial portion of its value as a business. It is necessary for Infomotion to employ an experienced patent firm to maintain and prosecute its patent portfolio.

5. Fish has experience in matters of this character, and is qualified to represent Infomotion in these matters. Fish is a global firm with over 360 attorneys in 12 offices, focused primarily on handling intellectual property matters.

6. As described in the Affidavit of Patrick J. Finn, submitted contemporaneously with this application, (the "the Affidavit of Patrick J. Finn ") Fish and its attorneys were previously employed as Infomotion's counsel prior to the Filing Date.

7. As more fully described in the Affidavit of Patrick J. Finn, in the year prior to the Filing Date, Fish received payments totaling $353,626.50 from Infomotion for legal services and expense reimbursement. On information and belief, the total received by Fish from Infomotion represents less than 1% of Fish's annual revenue.

8. On February 26, 2016, prior to the Filing date, Fish received $10,000 from Infomotion as a security retainer (the "Security Retainer") to cover future monthly invoices. Fish applied $5,028.00 of the Security Retainer to the legal services incurred from February 3, 2016, to February 29, 2016, and is holding the remaining $4,972.00 of the Security Retainer in Fish's client funds account on behalf of Infomotion.

9. As described in the Affidavit of Patrick J. Finn, Fish and its attorneys represent no interest adverse to Infomotion or the estate in matters upon which it is to be engaged.

10. Several principals of Fish personally own equity interests in Infomotion (the "Fish Investors"). The Fish Investors and their connection to Infomotion are more fully described in the Affidavit of Patrick J. Finn. Fish will establish an ethical wall within Fish to prevent the Fish Investors from obtaining access to any of Infomotion's legal materials or influencing the legal services provided to Infomotion by Fish during the bankruptcy process.

11. As described in the Affidavit of Patrick J. Finn, and to the best of Infomotion's knowledge, with the exception of the Fish Investors, each shareholder and associate of Fish is a "disinterested person" as that term is defined in 11 U.S.C. § 101. Infomotion believes because of the establishment of an ethical wall within Fish, and the limited scope of the work Fish will perform, that the Fish Investors' equity interests in Infomotion do not disqualify Fish as prospective intellectual property counsel. In addition, Infomotion has worked with Fish for over five years; introducing new counsel to the existing issues regarding Infomotion's intellectual property would be prohibitively expensive and detrimental to the estate.

12. As described in the Affidavit of Patrick J. Finn, and to the best of Infomotion's knowledge, Fish, its Principals, and its associates have no connection with

Infomotion's creditors, any parties in interest, or their respective attorneys, nor do they hold or represent any interest adverse to that of Infomotion's estate.

13. As described in the Affidavit of Patrick J. Finn, and to the best of the Infomotion's knowledge, neither Fish, its Principals, nor its associates are connected with any bankruptcy judge in the District of Massachusetts, or the United States Trustee or any person employed by the office of the United States Trustee so as to render the appointment of Fish as counsel for the Debtor inappropriate under Fed. R. Bankr. P. 5002(b).

14. The relief sought in this motion is a core proceeding as defined in 28 U.S.C. § 157.

15. Fish will seek compensation based on its normal and usual hourly billing rates. The rates charged by Fish are more fully disclosed in the Affidavit of Patrick J. Finn. Fish will also seek reimbursement of its expenses including fees paid to service providers for foreign patent and trademark prosecution services and filings.

16. No funds, other than disclosed above, have been paid to Fish relative to its services in this case.

17. All compensation and expense reimbursements will remain subject to allowance by the Court upon appropriate application pursuant to 11 U.S.C. § § 330 and 331 and any other compensation procedures established by the Court.

18. Pursuant to MLBR 2014-1(d), Infomotion requests that its retention of Fish be effective as of the Filing Date.

WHEREFORE, Infomotion requests the following relief:

1. that Infomotion be authorized to employ Fish as Counsel to perform the services in paragraph 3 above;

2. that the Court authorize the retention of Fish as of March 1, 2016; and

3. that the Court enter any other relief that it deems just and proper.

Signed under the penalties of perjury March 16, 2016.

          Signed:      /s/Warren E. Agin
                          Warren E. Agin (BBO 554242)
                          197 Portland Street
                          Boston, MA 02114
                          (617) 742-0110
                          wea@swiggartagin.com

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

In re:

Infomotion Sports Technologies, Inc.,
Debtor

Case No. 16-10724-JNF

Chapter 11

**Affidavit of J. Patrick Finn III, Ph.D., In Support of the Application for an Order of Employment of Fish & Richardson P.C. as Special Intellectual Property Counsel for the Debtor Pursuant To Fed. R. Bankr. P. 2014(A)**

I, J. Patrick Finn III, on personal knowledge, information, and belief, and under oath, do state and depose as follows pursuant to Fed. R. Bankr. P. 2014(a) and 2016, MLBR 2014-1, and 28 U.S.C. § 1746:

1. I am a Principal of Fish & Richardson P.C. ("Fish").

2. I am making this affidavit in support of the Application of Infomotion Sports Technologies, Inc. ("Infomotion"), for an Order of Employment of Fish as Special Intellectual Property Counsel for the Debtor Pursuant to Fed. R. Bankr. P. 2014(a) ("the Application").

3. I am generally familiar with the business of Fish and have made inquiry concerning the facts set forth below.

4. I understand that the Debtor seeks Fish's employment to provide the following in connection with the Chapter 11 case:

   a. Advising the Debtor on issues regarding its intellectual property;
   b. Assisting the Debtor with patent and trademark prosecution; and
   c. Performing other similar legal services that may be required during the course of this Chapter 11 case.

5. During the period from March 1, 2015, to February 29, 2016, Fish received the following payments from the Debtor for legal services and expense reimbursements:

   a. June 22, 2015     $41,562.62
   b. October 5, 2015     $54,412.30
   c. November 18, 2015     $25,000.00
   d. November 19, 2015     $19,000.00

    e.    November 24, 2015    $79,150.00

    f.    November 30, 2015    $129,758.98

    g.    December 29, 2015    $4,742.60

The November payments were made by wire transfer. These receipts represent less than 1% of Fish's annual revenues.

    6.    Fish received $10,000.00 from Infomotion on February 26, 2016, as a security retainer according to an amendment to the Fish engagement agreement signed February 3, 2016 (Exhibit A), to cover future monthly invoices. Fish applied $5,028.00 of the $10,000.00 security retainer to the legal services incurred from February 3, 2016, to February 29, 2016, and is holding the remaining $4,972.00 of the security retainer in Fish's client funds account on behalf of Infomotion.

    7.    Fish maintains records of all of its clients, the matters on which it represents its clients, and the other parties that have a substantial role in those matters.

    8.    Fish has reviewed those records and documents to determine Fish's connections with the Debtor and those entities that will be listed by the Debtor as being either secured or unsecure creditors.

    9.    Several Principals of Fish personally own shares in Debtor (the "Fish Investors"). The Fish Investors will not provide legal services to Debtor in the Debtor's Chapter 11 case, and an ethical wall shall be established within Fish to prevent the Fish Investors from obtaining access to any Infomotion legal materials or influencing the legal services provided the Debtor by Fish. The Fish Investors are as follows:

    a.    James Babineau, Principal, owns 4138 shares for which he paid $11,379.50 prior to 2015.

    b.    Scott Elengold, Principal, owns 8069 shares for which he paid $22,236.50 prior to 2015.

    c.    Mark Ellinger, Principal, owns 4034 shares for which he paid $11,093.50 prior to 2015.

    d.    John Hayden, Principal, owns 7060 shares for which he paid $19,415.00 prior to 2015.

    e.    John Phillips, Principal, owns 4034 shares for which he paid $11,093.50 prior to 2015.

  f. Hans R. Troesch (Troesch Family Trust), Principal, owns 11354 shares for which he paid $31,223.50 prior to 2015.

  g. I held 8,173 shares, but gifted them to John Dragseth prior to the bankruptcy filing date of March 1, 2016.

  h. John Dragseth, Principal, owns 16345 shares for which he paid $44,948.75 prior to 2015, plus 8,173 shares gifted to him from me.

  10. Based on the review and except as noted herein, Fish and its attorneys have no connection with the creditors, any party in interest, or their respective attorneys.

  11. Based on the review and except as noted herein, Fish and its attorneys represent no interest adverse to the Debtor or the estate in matters upon which it is to be engaged.

  12. Fish provides legal services to a company, unrelated to the Debtor, in which minority shareholders of the Debtor have an equity interest.

  13. Except as noted herein, neither I nor any Principal or associate of Fish, insofar as I have been able to ascertain, has any connections or relationships with the Debtor, its creditors, or any other parties in interest, or their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

  14. Based on the review, I am not presently aware of any representation by Fish of any creditors of the Debtor or other parties in interest. With respect to the parties listed above, Fish has not and will not represent those parties in any matters related to the bankruptcy case.

  15. Fish does not represent, nor is it represented by, any other authorized professional specifically in connection with this case or on a regular basis or in connection with a substantial matter in another case.

  16. Fish understands that the Debtor may retain various professionals during the pendency of its case. Fish will take steps not to unnecessarily duplicate the efforts of other professionals retained in these cases. In that regard, Fish will coordinate with all other professionals retained in these cases to ensure that Fish does not unnecessarily duplicate work being performed by other professionals.

  17. Insofar as I have been able to ascertain and except as noted above, based on the review described above, Fish, its Principals, its associates, and I do not hold or

represent any interest adverse to that of the Debtor's estate. Except as noted above, I believe that I and each shareholder and associate of Fish, other than the Fish Investors, are a "disinterested person" as that term is defined in 11 U.S.C. § 101. Furthermore, insofar as I have been able to ascertain, nether Fish, its Principals, its associates, nor I are connected with any bankruptcy judge in the District of Massachusetts, or the United States Trustee or any person employed by the office of the United States Trustee so as to render the appointment of Fish as counsel for the Debtor inappropriate under Fed. R. Bankr. P. 5002(b).

18.  Fish has conducted and will continue to conduct research into any relationships it may have with the Debtor; its creditors and any of their accountants, attorneys, or other professionals; and any other parties interested in this case. Although Fish has undertaken, and will continue to undertake, an investigation to identify any contacts with the Debtor or parties in interest, it is possible that such contacts have not been revealed. If any contacts are discovered, Fish will notify the Court by filing and serving a supplemental affidavit.

19.  Fish will seek compensation based upon its normal and usual hourly billing rates, which currently range from about $305 to about $565 an hour for associates and about $580 to about $725 an hour for Principals. Hourly billing rates are subject to yearly adjustments on January 1.

20.  Any compensation, fee, or allowance that may be claimed by me or by Fish will belong wholly to the law firm and will not be divided, shared, or polled, directly or indirectly, with any other person or firm.

21.  Infomotion and Fish have entered into an agreement for the provision of intellectual property legal services that involve maintaining and prosecuting Infomotion's patents and other intellectual property. These services are provided based on hourly rates with disbursements (e.g., U.S. Patent and Trademark Office fees) being charged at cost.

22.  Upon information and belief, the source of the funds paid to Fish for its current security retainer were from the Debtor's business operations.

23.  I understand that all fees paid to Fish will be subject to review and approval by the United States Bankruptcy Court.

24.  I have reviewed the provisions of MLBR 2016-1.

Submitted this day under the pains and penalties of perjury,

J. Patrick Finn III, Ph.D, J.D.
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Ph: (612) 337-2554
Fax: (612) 288-9696
finn@fr.com

Date: March 14, 2016

Exhibit A


**FISH.**
FISH & RICHARDSON

Fish & Richardson P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402

612 335 5070 main
612 288 9696 fax

February 1, 2016

Michael J. Crowley
InfoMotion Sports Technologies, Inc.
20 Beagle Club Road
Attleboro, MA 02703
United States

CONFIDENTIAL

AMENDMENT OF ENGAGEMENT AGREEMENT

CLIENT: **InfoMotion Sports Technologies, Inc.**

Reference is made to the Engagement Agreement, dated August 4, 2015 ("Engagement Agreement"), by and between InforMotion Sports Technologies, Inc. (the "Client") and Fish & Richardson P.C. (the "Firm"). This letter amendment (this "Amendment") reflects the agreement of Client and the Firm to amend the Engagement Agreement, effective as of the date of your signature shown below (the "Amendment Effective Date"), to modify the Engagement Agreement as follows. Unless otherwise specified herein, all capitalized terms in this Amendment shall have the same meanings as those ascribed in the Engagement Agreement.

The Client and Firm hereby agree as follows:

1. Client shall provide the Firm $10,000.00 on or before February 5, 2016, as payment for future ongoing work the Firm is instructed to provide on behalf of Client. The Firm shall maintain this $10,000.00 payment in a separate security retainer account ("Security Retainer Account").

2. The Firm shall use the Security Retainer Account to cover Client's future monthly invoices, and Client shall replenish the Security Retainer Account to $10,000.00 on a monthly basis.

UNDERSTOOD AND AGREED TO:

By: _/s/ Michael J. Crowley_   Date: 02 / 03 / 2016
Michael J. Crowley, CEO
InfoMotion Sports Technologies, Inc.

By: _/s/ J. Patrick Finn III_   Date: 2/1/2016
J. Patrick Finn III, Ph.D., Principal
Fish & Richardson P.C.

61279809.doc

fr.com

Page 6 of 6

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

In re:

Infomotion Sports Technologies, Inc.,

Debtor.

Case No. 16-10724-JNF

Chapter 7

## Declaration Re: Electronic Filing

PART I - DECLARATION

I, J. Patrick Finn III, hereby declare under penalty of perjury that all of the information contained in my affidavit ("the Document"), filed electronically, is true and correct to the best of my personal knowledge, information, and belief. I understand that this Declaration is to be filed with the Clerk of the Court concurrently with the electronic filing of the Document. I understand that failure to file this Declaration may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFR-7(a)) all paper documents containing original signatures executed under the pains and penalties of perjury and filed electronically with the Court are property of the bankruptcy estate and shall be maintained by the authorized ECF Registered User for a period of five (5) years after the closing of this case.

Dated March 14, 2016.

Signed: _____
J. Patrick Finn III

PART II – DECLARATION OF ATTORNEY

      I certify that the affiant(s) signed this form before I submitted the Document, I gave the affiant(s) a copy of the Document and this DECLARATION, and I have followed all other electronic filing requirements currently established by local rule and standing order. This DECLARATION is based on all information of which I have knowledge and my signature below constitutes my certification of the foregoing under Fed. R. Bankr. P. 9011. I have reviewed and will comply with the provisions of MEFR 7.

Dated: March 14, 2016.

                Signed:      /s/Warren E. Agin
                                  Warren E. Agin (BBO 554242)
                                  197 Portland Street
                                  Boston, MA 02114
                                  (617) 742-0110
                                  wea@swiggartagin.com

                                  Filing Attorney